UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CECIL EDGER ROBY                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:03CV-149-S

MIDSTATES INDUSTRIAL GROUP, INC.                                                   DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Cecil Edger Roby ("Roby"), to amend the memorandum opinion and order regarding summary judgment (DNs 35 & 36) entered on January 31, 2005. Roby asserts that in light of a case recently decided by the Kentucky Supreme Court, the defendant, Midstates Industrial Group, Inc. ("Midstates"), is no longer entitled to summary judgment on Count II of the complaint. Specifically, Roby contends that we have jurisdiction over that count. Roby also asks that we grant him summary judgment on Count II.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *See id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *See First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be

construed in a light most favorable to the party opposing the motion. *See Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## BACKGROUND

This is an action by Roby for payment of sales commissions. Roby was employed by Midstates from 1997 until 2000. An employment agreement (the "Agreement") existed between Roby and Midstates, under which Roby claims he is due commissions as a result of his sale of certain machines to CMI Precision Mold ("CMI"). In his complaint Roby claims that when Midstates failed to pay him commissions on the CMI sale: (1) Midstates breached the Agreement; and (2) Midstates violated Kentucky Revised Statutes Chapter 337 ("KRS § 337"), the Kentucky Wage and Hour Law.

In January 2005 we granted Roby's motion for summary judgment on Count I of his complaint, holding that Roby was entitled to commissions on any sales of machines he could prove were sold to CMI with a margin in excess of 15% regardless of whether the machines were part of a larger sale of a system with an overall margin of less than 15%. However, we denied Roby summary judgment with regard to Count II of his complaint. Instead, we granted Midstates summary judgment, holding that we did not have jurisdiction over Roby's claim for wage and hour violation under KRS § 337, because he had not exhausted his administrative remedies by filing with the Kentucky Labor Cabinet.

That holding was based on our prior decision in *Hasken v. City of Louisville*, 173 F.Supp.2d 654 (W.D. Ky. 2001), in which we stated that "a claim which seeks recovery for an alleged violation of KRS § 337 must first be brought administratively." *Id.* at 662. *Hasken* followed Kentucky precedent in *Early v. Campbell County Fiscal Court*, 690 S.W.2d 398, 399 (Ky. Ct. App.1985) and *Noel v. Season-Sash, Inc.*, 722 S.W.2d 901, 902-03 (Ky. Ct. App.1986). However, in August 2005, the Kentucky Supreme Court addressed those decisions in *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354 (Ky. 2005) and overruled them to the extent they required an exhaustion of

- 3 -

administrative remedies before an employee could seek a judicial remedy for recovery of unpaid wages pursuant to KRS § 337.

## ANALYSIS

### Amendment of Prior Summary Judgment

Because we sit in diversity, Kentucky law is applicable. As asserted by Roby, *Parts Depot* clearly overrules *Early* and *Noel*, and it does not appear that Midstates disputes this. Midstates, however, argues that *Parts Depot* cannot be applied retroactively, and as such, we have no basis to set aside our previous ruling. We disagree with Midstates' contention that we would be applying *Parts Depot* retroactively.

Because this case is still pending, our summary judgment decision is neither final nor appealable, and we are not in a position to ignore current Kentucky law. *See Griffith v. Kentucky*, 479 U.S. 317, 323 (1987) ("In truth, the Court's assertion of power to disregard current law in adjudicating cases before us that have not already run the full course of appellate review, is quite simply an assertion that our constitutional function is not one of adjudication but in affect of legislation."). Therefore, we will set aside the previous grant of summary judgment to Midstates on Count II.

### Motion for Summary Judgment

Roby also asks in light of *Parts Depot* for summary judgment on Count II. However, we are unable to grant Roby summary judgment, because he must still prove that he actually earned commissions by selling machines to CMI with a margin in excess of 15%. Although in his Reply Roby contends that Midstates' supplemental expert report establishes conclusively that Roby is entitled to commissions and that Midstates failed to pay those commissions, Midstates itself has not admitted this. In fact, because in its Response Midstates asserts that in order to prevail on a KRS § 337 claim Roby must prove his entitlement to commissions, we understand Midstates to dispute

whether Roby sold CMI any machines with a margin in excess of 15%. Therefore, a genuine issue of material fact exists, and we must deny Roby summary judgment.

    A separate order will be entered this date in accordance with this opinion.