UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CECIL EDGER ROBY                                                                                    PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:03CV-149-S

MIDSTATES INDUSTRIAL GROUP, INC.                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Cecil Edger Roby, for amendment of the memorandum opinion and order of the court entered October 23, 2006. Roby seeks summary judgment as to Count II of his complaint alleging violation of Kentucky Revised Statutes Chapter 337 ("KRS 337"), the Kentucky Wage and Hour Law.

This is an action for payment of sales commissions on the sale of certain machines and machine options to CMI Precision Mold. In January of 2005, the court granted Roby's motion for summary judgment on Count I of his complaint, holding that Roby was entitled to commissions on any sales of machines and machine options he could prove were sold to CMI with a margin in excess of 15% regardless of whether the machines were part of a larger sale of a system with an overall margin of less than 15%. The court granted summary judgment in favor of the defendant, Midstates Industrial Group, Inc., as to Count II of the complaint on the ground that the court lacked jurisdiction over Roby's claim for wage and hour violations because he had not exhausted his administrative remedies with the Kentucky Labor Cabinet. As a result of a change in Kentucky law, Roby moved for and the court granted vacation of the summary judgment on Count II. Roby sought summary judgment on that count in his favor, but the court stated

> ...we are unable to grant Roby summary judgment, because he must still prove that he actually earned commissions by selling machines to CMI with a margin in excess of 15%. Although in his Reply Roby contends that Midstates' supplemental expert report establishes conclusively that Roby is entitled to commissions and that

> Midstates failed to pay those commissions, *Midstates itself has not admitted this*. In fact, because in its Response Midstates asserts that in order to prevail on a KRS § 337 claim Roby must prove his entitlement to commissions, *we understand Midstates to dispute whether Roby sold CMI any machines with a margin in excess of 15%*. Therefore, a genuine issue of material fact exists, and we must deny Roby summary judgment.

October 23, 2006 Memorandum Opinion, pp. 3-4 (emphasis added). In light of the emphasized language, Roby is again before the court offering additional material to substantiate his assertion that he sold machines and options with a margin on sales exceeding 15%.

Roby seeks summary judgment on the ground that Midstates' Second Supplemental Rule 26(a) Initial Disclosure establishes the matters that the court found lacking. That is, an admission by Midstates that Roby sold certain machines to CMI with a margin on the sales exceeding 15%.[1]

Midstates' Second Supplemental Disclosure contains the following statements:

...Mr. Arnold Jones [President of Midstates] is expected to testify regarding the commissions that the Plaintiff may be entitled to recover pursuant to the Court's Memorandum Opinion and Order dated January 28, 2005. Specifically, Mr. Jones will testify that six KIRA machines, with options, were sold by the Plaintiff on behalf of Midstates to CMI Precision Mold ("CMI").

    A purchase order dated January 18, 2000 reflects that Midstates purchases a KIRA Vertical Production Center Dual Zone and options (OP 10A) from KIRA America for $121,975.00. The machine and options were sold by Midstates to CMI for $166,335.00. The margin on the sale was $44,360.00 (26%).

    A purchase order dated June 29, 1999 reflects that Midstates purchased a KIRA Vertical Production Center Dual Zone and options (OP 10B) from KIRA America for $118,087.00. The machine and options were sold by Midstates to CMI for $166,335.00. The margin on the sale was $48,248.00 (29%).

    A purchase order dated January 18, 2000 reflects that Midstates purchased a KIRA Vertical Production Center Dual Zone and options (OP 20A) from KIRA America for $130,508.00. The machine and options were sold by Midstates to CMI for $177,315.00. The margin on the sale was $46,807.00 (26.4%).

---

[1] Midstates contends that the court should decline to consider Roby's motion inasmuch as he did not move to amend in accordance with Fed.R.Civ.P. 59(e) within 10 days of the entry of the court's order. A summary judgment is interlocutory in character, however. Fed.R.Civ.P. 56 seeks to define the actual disputes in an action by eliminating those issue concerning which there is no genuine issue of material fact in summary fashion. The court has been shown no reason why the court should refuse to further refine the issues herein in this manner.

>        A purchase order dated June 29, 1999 reflects that Midstates purchased a KIRA Vertical Production Center Dual Zone and options (OP 20B) from KIRA America for %126,620.00. The machine and options were sold by Midstates to CMI for $177,315.00. The margin on the sale was %50,695.00 (28.5%).
>        Purchase orders dated May 6, 1999 reflect that Midstates purchased two KIRA Horizontal Production Centers and options (OP 60 Left and OP 60 Right) from KIRA America for $108,682.00 for each machine for a total purchase prices of $217,364.00. The machines and options were sold by Midstates to CMI for $136,355.00 for each machine for a total sales price of $272,670.00. The margin on the sale of both machines and options was $55,306.00 (20%).

This supplemental filing was signed by counsel for Midstates in accordance with Fed.R.Civ.P. 26(g)(1) which "constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made."

Midstates urges, however, that this disclosure is insufficient to form the undisputed factual foundation necessary for the court to find Roby entitled to summary judgment. Midstates contends that the disclosure offers nothing more than a description, for discovery purposes, of the expected testimony of its witness. Significantly, Midstates does not dispute the content of the purchase orders, as recited by Jones nor his calculations of the margin on each sale. Rather, Midstates asserts that such a disclosure does not constitute a waiver of the right to have Roby prove the facts underlying his claim to a jury.

The court has not been provided any authority on the precise point of whether statements in a signed Rule 26(a) disclosure can ever constitute judicial admissions of evidentiary facts. While Rule 26(a) requires that counsel undertake a reasonable inquiry to assure the accuracy of the disclosures (Fed.R.Civ.P. 26(g)), the Committee Notes to the rule draw a distinction between the certification required for Rule 26 disclosures and the signature requirements found in other rules such as Fed.R.Civ.P. 30(e) relating to depositions and 33 relating to interrogatories. The Notes indicate that a finding concerning the reasonable inquiry by counsel into the basis for the disclosures is ultimately to be decided by the court under the totality of the circumstance. Here, however, we

do not have any suggestion of inaccuracy in the facts to which Midstates expects Jones to testify. Indeed, Jones' recitation of the sales prices are based upon individual purchase orders which are identified by date in the disclosure. The percent margin on each sale is recited as an absolute figure, apparently conceived from an undisputed calculation. Thus there would seem, on these facts, to be record evidence of the sale of six KIRA machines and options at a margin over 15%.

There is some authority in the Sixth Circuit that suggests that the court has the discretion to consider the facts contained in the supplemental disclosure as admitted. *See, McDonald v. General Motors Corp.*, 110 F.3d 337 (6th Cir. 1997), *citing, New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20 (4th Cir. 1963)(judicial admission which go to matters of fact serve a highly useful purpose in dispensing with proof of formal matters and of facts about which there is no real dispute); *United States v. Burns*, 109 Fed.Appx. 52 (6th Cir. 2004)( we have discretion to consider a statement made in a brief to be a judicial admission), *citing, American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)(for purposes of summary judgment, courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit), *citing, United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 2723, pp. 64-66 (1983).

Roby, of course, could have removed the issue by serving requests for admission on the matters disclosed by the defendant. But he did not.

We do not attempt to predict how the Sixth Circuit would rule of the judicial admission question, however, as we conclude that, even taking the facts contained in the Supplemental Disclosure as admitted, Roby has not shown entitlement to summary judgment as a matter of law.

Roby makes the conclusive statement that he has established his Chapter 337 claim without any argument concerning who may recover on such a claim or what must be proven to establish such a claim. The court would note that under KRS 337.010(1)(c) commissions are included in compensation which are "wages" under the Act. However, an "employee" does not include any

individual employed in the capacity of outside salesman as the term is defined by administrative regulations of the executive director. KRS 337.010(2)(a)(2). 803 KAR 1:070 Section 6 may shed light on the question of whether Roby is an "employee" who may recover under the Act.[2]

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

As Roby bears the burden on summary judgment not only to establish an absence of a genuine issue of material fact, but also his entitlement to judgment as a matter of law, his motion must be denied.

---

[2] The court has cited to the current version of the statutes and administrative regulations. Whether these or former versions of the Wage and Hour Law apply in this case remains an issue for the parties to address. The court makes reference to these material for purposes of illustration only.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Cecil Edger Roby, for amendment of the memorandum opinion and order on summary judgment (DN 60) is **DENIED**. **IT IS FURTHER ORDERED** that the motion of the plaintiff, Cecil Edger Roby, for pretrial conference (DN 61) is **GRANTED**.  The matter will be scheduled by further order of the court.

**IT IS SO ORDERED.**