UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CECIL EDGER ROBY                                                                                           PLAINTIFF

v.                                                                               CIVIL ACTION NO. 3:03CV-149-S

MIDSTATES INDUSTRIAL GROUP, INC.                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiff, Cecil Edger Roby, to exclude the expert testimony of John E. Chilton, CPA-APV, CVA of Chilton & Medley. (DN 54). Midstates Industrial Group, Inc., served Roby with a supplemental expert calculation of commissions which included machines and machine options where the margin exceeded 15%. Roby contends that this supplement is untimely and therefore the expert testimony of Chilton should be precluded in its entirety. Apparently, there is no dispute that a first supplemental disclosure which was permitted by order of the court was timely filed. However, the calculation of commissions in that earlier-filed disclosure did not include machine options.

No trial date has yet been set in this case. There is no valid reason articulated by Roby for preclusion of Chilton's testimony. Roby takes issue with the fact that Midstates states in its disclosure that it "takes the position that options are not commissionable items."

We concluded in the January 28, 2005 Memorandum Opinion that although Midstates urged that it did not sell stand-alone machines but rather it sold a "system," the commission agreement did not make a distinction between selling a machine and selling a "system." The court concluded that to the extent that Roby could produce evidence that machines were sold with a margin of 15%, regardless of whether they were part of a larger sale of a system with a lower overall margin the agreement provided for payment of a commission. In other words, the court held that an overall

margin below 15% on the sale of a "system" did not preclude Roby from earning a commission on the sale of individual machines.

The court ordered judgment in Roby's favor as to Count I and held that Roby was entitled to a commission on the sale of machines and machine options where the margin exceeds 15%, regardless of whether or not they were part of a sale of a larger system. Midstates offered no evidence that options are not commissionable items. Larry Dutton Jones, the Sales Manager for Midstates, was asked in his deposition specifically about the calculation of a commission on the sale of machines and options:

> Q: Was it your understanding or is it your understanding that under the [commission] agreement Mr. Roby was entitled to commissions both upon the sale of the machines as well as the options?
>
> A: My understanding, yes.

Larry Jones Depo., pp. 15-16. The testimony of Arnold Jones is not to the contrary. He testified that the calculation of commissions was supposed to be based upon what he termed a "true margin" which took into account the sale of all machines and options, and all costs associated with the sale of a "system." The court rejected the assertion that the commission agreement contemplated this "true margin" inasmuch as it referred only to the "machine list price," and stated that the Account Manager "will be given all margin earned over 15% up to 20%. Margin earned beyond 20% will be split 50/50 between the company and the Account manager." Inasmuch as the court so ruled, the calculation by Midstates' expert of commissions which includes machines and machine options is appropriate.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Cecil Edger Roby, to exclude the expert testimony of John E. Chilton (DN 54) is **DENIED**. To the extent that this Memorandum Opinion and Order supplements our holding in the January 28, 2005 Memorandum Opinion and Order, this Opinion and Order should be read in conjunction therewith.

**IT IS SO ORDERED.**