UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CECIL EDGER ROBY                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:03-CV-149-S

MIDSTATES INDUSTRIAL GROUP, INC.                       DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon the motion of the defendant, Midstates Industrial Group, Inc. ("Midstates"), for partial summary judgment on Count II of Plaintiff's complaint. Midstates asserts that it is entitled to judgment as a matter of law on Plaintiff's claim for damages under Ky. Rev. Stat. Ch. 337, the Kentucky wage and hour law.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153-61, S. Ct. 1598, 1606-10, 16 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592-93, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable

to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

## BACKGROUND & ANALYSIS

This is an action by the plaintiff, Cecil Edger Roby ("Roby"), for payment of sales commissions. Roby was employed by Midstates from 1997 until 2000. An employment agreement (the "Agreement") existed between Roby and Midstates, under which Roby claims he is due commissions as a result of his sale of certain machines to CMI Precision Mold ("CMI"). In his complaint Roby claims that when Midstates failed to pay him commissions on the CMI sale: (1) Midstates breached the Agreement; and (2) Midstates violated Kentucky's wage and hour law. Midstates, however, asserts that Kentucky wage and hour law is inapplicable as Roby was an outside sales person and, as such, is not entitled to recover damages for unpaid commissions pursuant to Ky. Rev. Stat. § 337.010. We agree.

Under Kentucky wage and hour law, employees may recover wages, to which they may be entitled, as well as costs and reasonable attorneys' fees. Ky. Rev. Stat. § 337.385. Wages include commissions. Ky. Rev. Stat. § 337.010(1). This ability to recover, however, is limited by § 337.010(2), which, unless the context requires otherwise, excludes from the definition of "employee," those individuals employed in the capacity of outside salesmen. *Id.* Section 6 of the Kentucky Administrative Regulations defines an "outside sales employee" as any employee "whose primary duty is making sales." 803 KAR 1:070 § 6(1)(a).

The terms of the Agreement between Midstates and Roby define his primary job duty as "selling equipment" for Midstates. In addition, Roby testified in his deposition that his job responsibilities at Midstates included "finding prospects for business, for presenting our products to them, soliciting business from them, and whenever possible bringing home the order." This is a clear description of "making sales."

Roby, however, contends that pursuant to *Healthcare of Louisville v. Kiesel*, 715 S.W.2d 246 (Ky. App. 1986), he is entitled to recover under Kentucky wage and hour law. In *Kiesel*, a former medical director of a health plan filed suit against the corporation that took over the health plan for vacation pay, personal days pay, and one week's severance pay. *Id.* at 247. The medical director, who was also a physician, brought his claim under Kentucky wage and hour law. *Id.* Although the court found that the medical director was employed in a "bona fide executive, administrative, supervisory, or professional capacity," it did not find him exempt him from wage and hour law. *Id.* at 248. In reaching its decision, the court relied on § 337.010(2)'s language, "unless the context requires otherwise." *Id.*

*Kiesel*, however, does not apply here. The context of the case at hand does not compel us to deviate from § 337.010(2)'s exemption of outside salesmen. Although the court in *Kiesel* provides no explanation for employing the exception in § 337.010(2), as noted in *Whitewood v. Robert Bosch Tool Corp.*, No. 3:04-CV-631-H, 2006 WL 2873426 (Oct. 3, 2006 W.D. Ky.): "it is plausible that the court in *Kiesel* believed that the medical director's position was more akin to that of a subordinate employee than a supervisor or doctor engaged in professional activities." *Id.* at *3, n2. There is nothing before us to suggest that Roby was anything but an outside salesman primarily engaged in the business of making sales.

Accordingly, we find that pursuant to § 337.010(2) Roby is not an employee who may recover under Kentucky wage and hour law. Midstate's motion for summary judgment will be granted, and Count II of Roby's Complaint will be dismissed.

A separate order will be entered in accordance with this opinion.